**Alfredo Gomez-Velazquez**

**On behalf of Himself and
all others similarly situated,**

   **Plaintiffs**

  **v.**             Case No. _____

**V. Marchese & Co.**

   **Defendant.**

# COMPLAINT

Plaintiff, by his attorneys, for his complaint against Defendant state as follows:

**1.** This is an individual and collective action under the Fair Labor Standards Act, as well as an individual and class action under Wis. Stat. §103.02 and §109.03(1) and (5) against the Defendant V. Marchese & Co ("Marchese") to recover straight time and overtime compensation for time spent by the Plaintiff, as well as time spent by members of the proposed collective and class actions, washing hands and donning and doffing protective clothing at the beginning and end of their shifts, and for the full duration of meal breaks when they punched back in after lunch less than 30 minutes after they punched out for lunch. This lawsuit also seeks on behalf of the Named Plaintiff time spent for each and every one of his meal breaks that were too short to be bona fide under the FLSA, and/or shorter than 30 minutes once his hand washing and donning time are taken into account, that Marchese deducted from his hours worked.

1

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction under 29 USC §216(b) and 28 U.S.C. §1331 because Plaintiff alleges violations of the FLSA, 29 U.S.C. §201 et seq; as well as supplemental jurisdiction over the Plaintiff's claims that arise under Wisconsin law that address Marchese's failure to compensate for the same donning time, doffing time, and meal break time.

3. This Court has personal jurisdiction over Marchese pursuant to Rule 4(k)(1)(a) of the Federal Rules of Civil Procedure because it is subject to the jurisdiction of a court of general jurisdiction in the State of Wisconsin, while the Eastern District of Wisconsin is located within Wisconsin.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because Defendant Marchese resides in, while all of the events at issue in this lawsuit occurred in the Eastern district of Wisconsin.

## THE PARTIES

5. Named Plaintiff Alfredo Gomez-Velazquez ("Gomez" or "Plaintiff") worked in the Sanitation Department for the Defendant Marchese, ultimately rising to the position of a hourly paid sanitation leadman. In addition to working in the Sanitation Department, at the beginning of his shift for several days each week Gomez would clean and process fruits and vegetables rather than perform sanitation work. Plaintiffs are filing Gomez's FLSA consent form on the same day that this Complaint is filed with the Court.

6. Defendant Marchese is a Wisconsin business corporation located in Milwaukee, Wisconsin that processes and sells fruits and vegetables throughout the Midwestern United States. Both Marchese's principal place of business and its registered agent are located at 600 S. Jack Marchese Way; Milwaukee, WI. 53204-1665.

7. Marchese by virtue of its employing activities and operations within Wisconsin constitutes an employer within the meaning of Wis. Stat. 109.03(1). Marchese is also an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. 203, by, for example, selling fruits and vegetables to customers located outside the State of Wisconsin. At all relevant times, Marchese has had annual gross volume of business at or above $500,000.

**FACTS**

8. At the beginning of each work day Marchese required its employees, who would be involved in processing fruits and/or vegetables during the day, to both wash their hands, and to don protective clothing and equipment including but not limited to gloves, plastic outer garments, and boots. Both the protective clothing and equipment and hand washing were integral and indispensable to prevent contamination of, and thereby ensuring the cleanliness, marketability, and safety of the fruits and vegetables that the employees would process during the day, and that Marchese would then deliver to its customers.

9. At the beginning of each workday employees who would perform sanitation work at the start of their shift would be required by Marchese to wash their hands and put on protective clothing and equipment.

10. Protective clothing and equipment that Sanitation employees must wear included more items that protective clothing and equipment that fruit and vegetable processing employees must wear. Most prominently, sanitation employees must wear aprons, which Marchese would clean on a daily basis, while performing sanitation work.

11. Hand washing by, and protective clothing and equipment worn by sanitation employees served the dual purposes of both protecting themselves from acids and other harmful chemicals that they used to clean Marchese's fruit and vegetable processing equipment, and to

3

prevent contamination of the fruit and vegetable cleaning equipment that they were cleaning, thereby ensuring the cleanliness, marketability, and safety of the fruits and vegetables that were processed using the equipment before their shipment by Marchese to its customers.

12. Regardless of whether they would perform sanitation or fruit/vegetable processing work at the beginning of the day, all employees would punch in on the clock, and start to receive pay for hours worked, only after they have washed their hands and put on their protective clothing and equipment for their work that were required by Marchese.

13. If the Plaintiff started his day by processing fruits and vegetables, he would only put on the protective clothing and equipment required for fruit and vegetable processers at the beginning of his shift. He would put on additional protective clothing and equipment required for sanitation work, in particular his apron, only right before he would start performing sanitation work.

14. Marchese provided to its employees a 30 minutes unpaid meal break. Employees were required to punch out and punch in on the time clock for the meal break. Employees are not permitted to punch in after the meal break more than 30 minutes after they punched out for the meal break.

15. In order to both prevent contamination of his protective clothing and equipment, and to protect himself from acids and other cleaning agents that may still be on his protective clothing and equipment, Plaintiff would remove his protective clothing and equipment at the beginning of his meal breaks, and wash his hands and put his protective clothing and equipment back on at the end of his meal breaks.

16. With his supervisor's knowledge, and along with all other Sanitation employees, Plaintiff would wash his hands, and put his protective clothing and equipment back on, before he

4

punched back in on the time clock after his meal break. Plaintiff therefore never received a full 30 minutes meal break once his time spent washing his hands and putting protective clothing and equipment back on are counted as hours worked.

17. On occasions when the Plaintiff punched back in after lunch less than 30 minutes after he punched out for lunch, despite its knowledge of the Plaintiff's punch times Marchese would nonetheless deduct the sub-30 minutes meal break from Plaintiff's hours worked. Marchese made no effort to either promulgate or enforce a policy that required its employees to take a full 30 minutes for lunch each and every day.

18. Upon information and belief, because Plaintiff sometimes needed to finish additional work during his meal break, he would sometimes report to Marchese a meal break that was so short that he could not comfortably eat a meal during the reported meal break.

19. At the end of the workday Marchese required all employees to take off their protective clothing and equipment, leave the protective clothing and equipment at designated locations, and then punch out on the time clock. The employees therefore were not compensated for their time spent doffing and putting away their protective clothing and equipment.

20. Marchese did not permit its employees to take their protective clothing and equipment home, so that it was impossible for the employees to put on and takeoff said protective clothing and equipment at home.

21. Plaintiff was frequently paid overtime pay for working more than 40 hours per week, so that counting his hand washing, donning, and doffing time at the beginning and end of his work shifts, as well as his compensable meal breaks would have increased the number of work hours for which he should have received overtime compensation.

5

## COLLECTIVE ACTION ALLEGATIONS

22. Gomez brings his First Claim for Relief, pursuant to the Fair Labor Standards Act, on her own behalf and on behalf of all other similarly situated Marchese employees who began their workdays by processing fruits and vegetables; and who would wash their hands and don protective clothing and equipment before they punched in at the beginning of the day; and who would doff their protective clothing and equipment before they punched out at the end of the day.

23. The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. §216(b), for prospective members of the FLSA Class that are similarly situated to Gomezand have claims similar to his first claim for relief; in that the Court can determine on a uniform basis whether hand washing and donning protective clothing and equipment are integral and indispensable to their principal activity of processing fruits and vegetables in a sanitary and marketable manner.

24. The claims of Gomez are representative of the claims of members of the proposed collective action in that he just like all members of the proposed collective action was required to wash his hands and don protective clothing and equipment before he punched in to perform the work of processing fruits and vegetables.

## CLASS ALLEGATIONS

25. Plaintiff seeks to represent the following classes pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All hourly employees employed by Defendant Marchese who during the time period between December 7, 2018 and the present either (a) washed hands and/or donned protective clothing and equipment before processing fruits and vegetables at the beginning of their shifts; or (b) was not paid for a meal break though his/her time clock punches reported to Marchese showed he or she punched back in less than 30 minutes after he or she punched out for lunch.

6

Case 2:20-cv-01802-PP    Filed 12/07/20    Page 6 of 12    Document 1

26. The persons in the class identified above are so numerous that joinder of all members is impracticable. Upon information and belief there would be 60 or more class members employed by Marchese at any given time, so that taking into account turnover there are at least 100 members in the proposed class.

27. These are questions of law and fact common to the Wisconsin Unpaid Wage Class (Rule 23 Class) that predominate over any questions solely affecting individual members of the class, including, but not limited to:

    (a)    Whether under DWD §272.12(2)(e) the class members' activities of washing their hands and donning and doffing protective clothing and equipment are integral and indispensable to their principal activity of processing fruits and vegetables for Marchese in a sanitary and marketable manner;

    (b)    Whether pursuant to DWD §272.12(2)(a) and (2)(c) meal breaks of less than 30 minutes in duration constitute work time, so that an employer who through employee time clock punches knew its employees were taking less than 30 minutes for lunch, yet neither promulgated nor made any effort to enforce a policy that required its employees to take a full 30 minutes for lunch must treat its employees' reported sub-30 minutes meal breaks as hours worked;

    (c)    Whether Marchese's failure to compensate its employees for their hand washing, donning, and doffing time to prepare to process fruits and vegetables constituted failure to pay wages to its employees for dilatory and unjust reasons, given the similarities between this case and the Wisconsin Supreme Court's decision in *UFCW Local 1473 v. Hormel Foods*, 2016 WI 13, 367 Wis. 2d 131, so that the Plaintiffs are entitled to recover liquidated damages in addition to their unpaid wages;

    (d)    What is the appropriate methodology under Wisconsin law to compute class members' damages that resulted from Marchese's failure to count their hand washing, donning and doffing time to prepare to process fruits and vegetables as hours worked.

28. Plaintiff's claims are typical of those of the Rule 23 class in that he, just like each member of the proposed classes that he seeks to represent, was not paid for his hand washing, donning, and doffing time on workdays when he began the day by processing fruits and vegetables;

and had meal breaks deducted from his work hours even though his time clock punches reported to Marchese that the meal breaks were less than 30 minutes in duration.

29. Named Plaintiff will fairly and adequately protect the interests of the Rule 23 class; and have retained counsel experienced in complex wage and hour litigation.

30. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Defendant's common and uniform policies and practices denied the Wisconsin Unpaid Wage Class the wages for work performed to which they are entitled. The damages suffered by the individual Wisconsin Unpaid Wage Class members at hundreds of dollars per year are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will permit the Court to resolve predominate legal questions that drive the resolution of this litigation, while obviating the need for unduly duplicative litigation that might result in inconsistent judgments about the legality of the Defendant's pay practices.

**COUNT I.    CLAIM FOR UNPAID MINIMUM WAGE AND OVERTIME PAY UNDER THE FLSA.**

31. Plaintiff re-alleges, and incorporates by reference, the allegations contained in paragraphs 1-30 of the Complaint.

32. When Plaintiff began his workdays by processing fruits and vegetables, his work of washing his hands and donning protective clothing and equipment was integral and indispensable to protecting the fruits and vegetables that he processed from contamination, so that his hand washing and donning/doffing of protective clothing and equipment were integral and indispensable to his principal activity of processing the fruits and vegetables.

33. When Plaintiff began his workdays by performing sanitation work, his work of washing his hands and donning even more cumbersome protective clothing and equipment was

integral and indispensable to both protecting Marchese's fruit and vegetable processing equipment and therefore the fruits and vegetables being processed from contamination, and to protect himself from the harmful effects of acids and other cleaning agents that Marchese required its sanitation employees to use, so that his hand washing and donning/doffing protective clothing and equipment were integral and indispensable to his principal activity of cleaning Marchese's fruit and vegetable processing equipment so that it could be used to process fruits and vegetables in a sanitary manner.

34. All of the Plaintiffs' time spent washing his hands, donning protective clothing and equipment, and doffing protective clothing and equipment therefore should have counted as hours worked under the FLSA.

35. On days when Plaintiff's time clock punches reported to Marchese a meal break that was too short to permit him to eat a meal comfortably, Marchese had actual notice that Plaintiff did not take a bona fide meal break, so that the reported time for the meal break should have but was not counted as hours worked by the Plaintiff.

36. Plaintiff would have received additional overtime pay for hours worked over 40 per week had his time spent washing his hands, donning protective clothing and equipment, doffing protective clothing and equipment, and reported meal breaks that were too short to constitute bona fide meal breaks been counted as hours worked.

37. Because the Defendants had no reasonable grounds for believing that it need not count its employees handwashing, donning, doffing time, and time spent on meal breaks that were too short to constitute bona fide meal breaks as hours worked under the FLSA, and failed to make any effort to investigate whether its timekeeping practices complied with the FLSA, the Plaintiff is entitled to liquidated damages on all overtime wages that he should have received, as well as the application of a three years statute of limitations for willful violations.

9

Case 2:20-cv-01802-PP    Filed 12/07/20    Page 9 of 12    Document 1

38. The plaintiff is additionally entitled to his reasonable attorneys' fees incurred in prosecuting this first cause of action.

**COUNT II. CLAIM FOR UNPAID WAGES UNDER WISCONSIN LAW.**

39. Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1-38 of the Complaint.

40. Plaintiffs' time spent washing his hands, donning protective clothing and equipment, and doffing protective clothing and equipment constituted hours worked under Wisconsin law for reasons similar to those stated in paragraphs 32 and 33 of the Complaint.

41. Because Plaintiff with Marchese's knowledge washed his hands and donned protective clothing and equipment before he punched back in after his lunch break, and was not allowed to extend his meal break beyond 30 minutes from the time of punch out to the time of punch in, Plaintiff never received a full 30 minutes for lunch once his hand washing and donning time are counted as time worked, so that each and every one of his meal breaks constituted work time under Wisconsin law.

42. Alternatively, even though Marchese knew that its employees reported via their time clock punches that they took less than 30 minutes for lunch, it neither promulgated nor enforced any policies that required its employees to take a full 30 minutes for lunch, so that on days when the Plaintiff punched in after lunch less than 30 minutes after he punched out for lunch, the full duration of his meal breaks constituted work time under Wisconsin law.

43. Pursuant to Wis. Stat. §103.02, all hours worked by the employee must be paid at no less than the employee's regular rates, i.e. the rate agreed upon between the employer and the employee to compensate the employee for his or her hours worked. Wisconsin law therefore

10

entitles the Plaintiff to pay at his regular wage rate for his time spent washing his hands, donning and doffing protective clothing and equipment, and for his sub-30 minutes meal breaks.

44. Because the Plaintiff's work time of washing his hands, donning and doffning protective clothing and equipment, and taking meal breaks of less than 30 minutes in duration constitute hours worked under Wisconsin law, Plaintiff is entitled to additional overtime pay that results from counting all of his work time towards the hours needed to qualify for receiving overtime pay.

45. By failing to pay to the Plaintiff all straight time and overtime wages required by Wisconsin law within 31 days of when the work was performed, Defendants violated Wis. Stat. §109.03(1), so that Plaintiff may bring suit under Wis. Stat. 109.03(5) to recover all straight time and overtime wages owed to him, plus 50% of the unpaid wages as liquidated damages allowed by Wis. Stat. §109.11(2), plus his reasonable attorneys' fees and costs incurred in prosecuting this action pursuant to Wis. Stat. §109.03(6).

WHEREFORE, the Plaintiff respectfully request the Court to enter an order that:

a. Finds that Marchese is liable to him for all overtime pay that he should have received once his hand washing, donning time, doffing time, and reported meal breaks that were too short to constitute bona fide meal breaks are counted as hours worked, plus 100% liquidated damages on a three years statute of limitations;

b. Finds that Marchese is liable to him for straight time pay for all of his time spent hand washing, donning, and doffing protective clothing and equipment, plus 50% liquidated damages;

11

c. Finds that Marchese is liable to him for straight time and overtime pay because his meal breaks should have been, but were not counted as hours worked, plus 50% liquidated damages;

d. Finds that Marchese is liable to members of the proposed collective action for all overtime pay they should have received once their time spent handwashing, donning, and doffing to process fruits and vegetables were counted as hours worked, plus 100% liquidated damages on a three years statute of limitations;

e. Finds that Marchese is liable to the members of the first proposed Rule 23 subclass for straight time and overtime pay on all handwashing, donning, and doffing time to process fruits and vegetables that should have counted as hours worked, plus 50% liquidated damages;

f. Finds that Marchese is liable to members of the second proposed Rule 23 subclass for straight time and overtime pay on all occasions when they punched back in after lunch less than 30 minutes after they punched out for lunch, plus 50% liquidated damages;

g. Awards to the Plaintiff his reasonable attorneys' fees and costs incurred in maintaining and prosecuting this action on an individual, collective, and class basis.

Dated this 7th day of December, 2020.

/s/Yingtao Ho
Yingtao Ho
Email: yh@previant.com
Attorney for Plaintiffs
The Previant Law Firm S.C.
310 W. Wisconsin Avenue, Suite 100MW
Milwaukee, WI 53203
Telephone: 414-271-4500
Fax: 414-271-6308