UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALFREDO GOMEZ,

                    Plaintiff,

                                                    Case No. 20-cv-1802-pp

          v.

V MARCHESE & CO
and CUT FRESH LLC,

                    Defendants.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION (DKT. NO. 81), DENYING AS MOOT PLAINTIFF'S MOTION TO SUPPLEMENT CLASS CERTIFICATION RECORD (DKT. NO. 97), DENYING PLAINTIFF'S EXPEDITED NON-DISPOSITIVE MOTION FOR LEAVE TO FILE SURREPLY BRIEF (DKT. NO. 106), DENYING WITHOUT PREJUDICE PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT (DKT. NO. 109), DENYING DEFENDANTS' EXPEDITED NON-DISPOSITIVE MOTION TO STRIKE PLAINTIFF'S MOTION FOR CLASS CERTIFICATION (DKT. NO. 114), DENYING DEFENDANTS' EXPEDITED NON-DISPOSITIVE MOTION FOR LEAVE TO FILE SURREPLY BRIEF (DKT. NO. 131), DENYING DEFENDANT'S MOTION FOR RECONSIDERATION (DKT. NO. 134) AND SETTING BRIEFING SCHEDULE**

        On August 10, 2022, the court granted the plaintiff's motion to supplement his class certification motion; denied as moot the plaintiff's motions to compel, to file a reply and to strike; denied without prejudice the defendants' motion for costs and the plaintiff's motion to seal; granted in part the plaintiff's motion for conditional certification; and denied without prejudice the plaintiff's motion to certify the class. Dkt. No. 78. The court approved the parties' stipulation to amend the scheduling order and extended the dispositive motions deadline to December 2, 2022. Dkt. No. 80. In ruling, the court

1

recounted the extraordinary number of filings that had created "an unnecessary procedural tangle." Dkt. No. 78 at 2. Admitting that it would have helped had the court ruled sooner, the court nonetheless observed that

> the parties compounded the problem by filing document after document after document. The plaintiff's counsel is correct that the court's local rules do not provide for sur-replies. There's a reason for that: to prevent the court from being pelted with "I want to speak last!" motions. Someone—the plaintiff's counsel or defense counsel, preferably both—should have exercised some restraint and just stopped the madness.

Id. at 9.

One month later, the plaintiff filed a renewed motion to certify the class. Dkt. No. 81. On October 4, 2022, the defendants moved for summary judgment. Dkt. No. 85. On November 8, 2022, the plaintiff moved to supplement the class certification motion. Dkt. No. 97. On November 23, 2022, the plaintiff filed a motion for leave to file an eight-page surreply brief in opposition in response to the defendants' reply brief in support of summary judgment. Dkt. No. 106. The plaintiff filed his own motion for summary judgment on December 2, 2022. Dkt. No. 109.

On December 6, 2022, the defendants filed two, identical expedited, non-dispositive motions to strike the plaintiff's motion for class certification. Dkt. No. 114, 115. (The clerk's office marked the second motion a "duplicate filing." Dkt. No. 115.) Alternatively, the defendants asked the court to stay a decision on class certification until the court had ruled on summary judgment *or* to stay the proceedings on the plaintiffs' motion for summary judgment until the court ruled on the defendants' motion for summary judgment. Dkt. No. 114 at 3.

On February 7, 2023, the defendants filed a motion for leave to file a five-page surreply brief in opposition to the plaintiffs' motion for summary judgment based on the Seventh Circuit's ruling in <u>Wirth v. RLJ Dental</u>, Appeal No. 22-2122 (7th Cir. Jan. 31, 2023). Dkt. No. 131. Ten days later, the defendants filed a motion for reconsideration of the court's decision denying the plaintiff's motion to certify class, again based on the <u>Wirth</u> decision. Dkt. No. 134.

The parties' insistence on filing motions to strike, reconsider and for leave to file surreply briefs means that briefing never is complete and no decision is final. The plaintiff even suggests in one of his motions that, if the court rules against him on an issue, he "would be free to raise" the issue on reconsideration. Dkt. No. 118 at 4. Apparently it is up to the court to, as it said in its prior order, "stop the madness," given that the parties are unable or unwilling to do so.

## I. Defendants' Motion For Reconsideration (Dkt. No. 134)

### A. <u>Parties' Arguments</u>

#### 1. *Defendants' Motion* (Dkt. No. 135)

The court first addresses the most recently filed motion—the defendants' motion to reconsider the court's ruling granting in part the plaintiff's motion for conditional certification. Dkt. No. 135. The defendants argue that on January 31, 2023, the Seventh Circuit set aside the bright line rule that all meal breaks less than thirty minutes are compensable under Wisconsin law. <u>Wirth v. RLJ Dental</u>, 59 F.4th 270 (7th Cir. 2023). Dkt. No. 135 at 1. They acknowledge that

the court previously ruled in their favor and denied the plaintiff's class certification motion; they don't want the court to alter that ruling, but they ask the court to reconsider its conclusion that the plaintiff had met the Rule 23(a) typicality and commonality requirements; the defendants want the court to hold that following the Wirth decision, the plaintiff cannot satisfy the commonality and typicality requirements. Id. at 6-9.

The defendants say that Wirth holds that the duration of the punch-out period alone cannot be used as the basis for certifying the class. Id. at 3. They argue that the court instead must focus on the period of break provided by the employer, rather than the amount of time the employee took for the break. Id. at 5. The defendants reason that they had no obligation to pay their employees for any time off the clock as long as they provided the employee a thirty-minute meal break. Id. They argue that by focusing solely on the length of the break taken, rather than the length of the break offered, the plaintiff has not "evince[d] a cognizable legal cause of action by any employee, let alone a group of employees," and therefore that the plaintiff has not met the commonality requirement. Id. at 7.

2.    *Plaintiff's Response* (Dkt. No. 136)

The plaintiff asserts that the defendants' motion is procedurally improper under Rule 60(b) because the court's order denying class certification was not a final order. Dkt. No. 136 at 1. He argues that the motion also is improper under Rule 54(b) because the court denied the class certification motion without prejudice. According to the plaintiff, a motion to reconsider cannot be

4

used to challenge the court's reasoning. Id. at 3 (citing First Specialty Ins. Corp. v. Supreme Corp., No. 3:12-CV-186 JD, 2018 WL 4680015, * 2 (N.D. In. 2018); Heyer v. Pierce & Associates, P.C., No. 14 C 854, 2017 WL 2404978, * 4 (N.D. Il. 2017) (motions to reconsider are rare because the court's orders are "not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.")).

The plaintiff argues that Wirth "did not disturb the District Court's ruling that if employer-imposed work requirements made it impossible for the employee to take 30 minutes off for a meal break (i.e., if the employer asked the employee to return to work early), the employee has not been provided with a full 30 minutes off from work, so that her shortened meal break would be compensable." Id. at 4. The plaintiff asks this court to look to a California Supreme Court decision addressing what he says is analogous California law, Donahoe v. AMN Services, LLC, 11 Cal. 5th 58 (Cal. 2021). Id. at 4-5. He asserts that in Donahoe, the California Supreme Court held that there is a presumption that recorded meals shorter than thirty minutes are compensable when the employer's records do not show whether employees were completely relieved from duty for thirty minutes or longer. Id. at 4-5. The plaintiff argues that California implemented a "burden shifting" approach, creating a presumption that recorded meal periods shorter than thirty minutes were compensable, "with the burden shifting to the employer to submit proof to demonstrate that the employee was provided with compliant meal periods during which the employee chose to work." Id. The plaintiff says that under the

5

California model, if the employer's records don't demonstrate that the employee "was completely relieved from duty for 30 minutes or longer, and the employer cannot submit proof to show the employee returned early from break voluntarily, then the employee's time clock punches showing shortened breaks can be relied upon to establish the employer's liability." Id. at 5 (citing Carbajal v. Imperial Maintenance Services, Inc., No. C091617, 2022 WL 1419271, *5 (Cal. Ct. App. 2022). The plaintiff contends that Wisconsin courts are likely to adopt the California approach because, like California law, Wisconsin law requires employers to maintain records showing the beginning and ending of meal periods and because the California approach is consistent with the United States Supreme Court decision in Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946).[1] Id. at 5-7. The plaintiff reasons that in situations where an employer did not keep records showing when an employee was relieved of duty for each meal break and the employee can't remember "whether he was forced to return to work early from break on any specific day, the solution is not to reward the employer for its defective recordkeeping by denying to the employee a recovery altogether." Id. at 7. The plaintiff argues that in that situation, the employee should be allowed to rely on his time clock punch records, and the burden should shift to the employer to present evidence showing that the employee voluntarily returned early from break. Id.

---

[1] The Supreme Court has indicated that the Portal-to-Portal Act, 28 U.S.C. §254(a), was passed in response to, and to repudiate, Anderson. Integrity Staffing Solutions, Inc. v. Busk, 574 U.S. 27, 32-33, 36 (2014).

With respect to commonality, the plaintiff applies the California burden-shifting approach and argues that the defendants' maintenance of records showing the end time of meal breaks was "clearly defective." Id. at 8. The plaintiff believes the class can rely on the records to establish commonality unless the defendants can produce evidence that the employees voluntarily returned from break early. Id. The plaintiff argues that the defendants have not produced "a shred of evidence showing any first shift employees . . . ever voluntarily returned early from break." Id. As a preemptive measure, the plaintiff addresses two pieces of evidence that he believes the defendants will rely on:

- Ramirez's declaration claims only that Sanitation Employees always took more than thirty minutes for lunch rather than stating that any Sanitation Employees would ever voluntarily cut short their meal breaks. Dkt. No. 126, ¶23. The plaintiff argues that [the plaintiff's] time punch records show that in May and June of 2020 he frequently punched out for his meal break and punched in substantially less than thirty minutes after he punched out. Dkt. No. 130-1, pg. 25-26.

- Sal Marchese claims that Second Shift Production Employees were not called back to work early. Dkt. No. 127, ¶¶33-34. The plaintiff notes that Marchese does not claim to have worked after 8 p.m., while second shift employees would take their meal breaks no earlier than 8 p.m. and often at 10 p.m. or 11 p.m. Dkt. No. 73-2.

Id. at 8-9.

Finally, the plaintiff argues that he can establish typicality because the plaintiff and other employees were "subject to a uniform course of conduct whereby Defendants deducted from their hours worked all meal breaks that were shorter than 30 minutes in duration, and without maintaining any records showing whether employees were required to or voluntarily returned to

work early." Id. at 11. He asserts that the defendants failed to maintain records showing that employees voluntarily returned to work and that the defendants' evidence is insufficient to prove any employees ever voluntarily returned to work early. Id. at 11-12.

### 3. *Defendants' Reply* (Dkt. No. 137)

The defendants reply that California law is wholly inapplicable. Dkt. No. 137 at 3. They argue that the plaintiff's arguments about Wisconsin adopting the California approach are "speculative and highly unlikely." Id. The defendants accuse the plaintiff of ignoring the fact that at the class certification stage, it is the plaintiff's burden to establish commonality and typicality. Id. at 1, 4-5. The defendants say that the Seventh Circuit made it clear in Wirth that the court must focus on the period the employer provided, not the period the employee took for the meal break. Id. at 1. The defendant asserts that the only evidence the plaintiff presented at the time of briefing was evidence that the payroll system permitted punch-out periods of less than thirty minutes, and that the defendants knew this and deducted for meal breaks less than thirty minutes. Id. at 2. The defendants argue that standing alone, the plaintiff's evidence of a "handful of incidents wherein prospective class members took less than thirty minutes for a meal break" cannot satisfy the commonality and typicality requirements. Id.

As for the motion to reconsider, the defendants argue that the court has the discretion to reconsider a prior ruling regardless of Rule 60(b). Id. They contend that the Seventh Circuit has said that, while Rule 60(b) is limited to

8

final orders and judgments, the district judge's authority "to reconsider a previous ruling in the same litigation . . . is governed by . . . the law of the case."). Id. at 2-3 (citing Santamarina v. Sears, Roebuck & Co., 466 F.3d 570, 571-72 (7th Cir. 2006)).

The defendants emphasize that Wirth does not permit the type of bright-line rule that the court accepted in finding that the plaintiff could meet the requirements of commonality and typicality. Id. at 7 (citing Dkt. No. 78 at pp. 46, 48). The defendants add that it would be improper for the court to shift to the defendants the plaintiff's burdens on commonality and typicality. Id. at 8. They argue that assuming for the sake of argument the California burden shifting approach applies, they have proffered sufficient evidence that all employees were afforded at least thirty minutes for meal breaks and that that is all that is required under Wirth. Id. at 8-9.

B.    Analysis

The court and the parties agree that Rule 60(b) is not the proper mechanism for revisiting a previous ruling in the same case. "Technically, a 'Motion to Reconsider' does not exist under the Federal Rules of Civil Procedure." GHSC Assocs. Ltd. P'ship v. Wal-Mart Stores, Inc., 29 F. App'x 382, 384 (7th Cir. 2002).

"Rule 54(b) governs non-final orders and permits revision at any time prior to the entry of judgment . . . ." Galvan v. Norberg, 678 F.3d 581, 587 n.3 (7th Cir. 2012). But reconsideration is appropriate in very few contexts, such as where the court has "patently misunderstood a party," "has made an error

9

*not of reasoning* but of apprehension" or where there has been a "controlling or significant change in the law or facts since the submission of the issue to the Court." <u>Bank of Waunakee v. Rochester Cheese Sales, Inc.</u>, 906 F.2d 1185, 1191 (7th Cir. 1990) (emphasis added). "[T]he court will grant a motion under Rule 54(b) only when necessary to correct manifest errors of law or fact or to present newly discovered evidence." <u>Collins Bey v. Ashworth</u>, No. 17-cv-784-jdp, 2022 WL 522995, at *4 (W.D. Wis. Feb. 22, 2022). A manifest error of law is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." <u>Oto v. Metro. Life Ins. Co.</u>, 224 F.3d 601, 606 (7th Cir. 2000).

The defendants are in the curious position of asking the court to reconsider a decision in their favor. The motion to reconsider cites new case law decided five months *after* this court ruled and almost ten months *after* the defendant opposed the class certification motion. When the defendants first opposed the original class certification motion, they did not address commonality (and the court noted that in its decision). This is not a situation where the court disregarded, misapplied or failed to recognize the relevant precedent at the time it issued its decision. The Seventh Circuit hadn't decided <u>Wirth</u> at that time.

The defendants suggest that that doesn't matter because a court can revisit its decisions at any time. While that may be true under certain exceptions to the law of the case doctrine, "as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'"

10

<u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 817 (1988) (quoting

<u>Arizona v. California</u>, 460 U.S. 605, 618 n. 8 (1983)); Fed. R. Civ. P. 54(b)

(providing a non-final order "may be revised at any time before the entry of a

judgment adjudicating all the claims and all the parties' rights and liabilities").

The <u>Wirth</u> decision is relatively short. It did not involve an issue resolved

at the class certification stage; it involved a post-verdict motion following a trial

on a single employee's claims. The Seventh Circuit affirmed Judge Griesbach's

decision granting the employer's motion for a new trial and his conclusion that

the employer was not required to compensate a former employee for the time

when she clocked out during the meal period. The Seventh Circuit determined

that the employee's decision to voluntarily shorten her meal break did not

make it compensable:

> Wirth argues that Wisconsin law imposes a bright-line rule that if
> an employee elects to take any break of less than 30 minutes, then
> the entire break period offered by the employer (here, an hourlong
> lunch break) must be compensated. In other words, Wirth wants to
> be paid not just for the portion of her lunch break during which she
> was clocked in, but also for the time she was clocked out and
> admittedly not working.

> Our analysis begins and ends with the plain language of the
> regulatory scheme, which distinguishes between compensable rest
> periods and non-compensable meal periods. *Lexington Ins. Co. v.
> Rugg & Knopp, Inc.*, 165 F.3d 1087, 1091 (7th Cir. 1999) (citing *State
> ex. rel. Jacobus v. State*, 208 Wis. 2d 39 . . . (1997)). The Wisconsin
> Department of Workforce Development provides that employees
> "must be paid for all time spent in physical or mental exertion
> (whether burdensome or not) controlled or required by the employer
> and pursued necessarily and primarily for the benefit of the
> employer's business." Wis. Admin. Code, Dep't of Workforce Dev.
> § 272.12(1)(a)(1). Employees must also be paid for "rest periods of
> short duration[,]" which are defined as breaks of less than 30
> minutes. *Id.* at § 272.12(2)(c)(1). Wisconsin law distinguishes rest
> periods from meal periods. Meal periods of 30 minutes or more

11

during which employees are completely relieved from duty for the purposes of eating regular meals are not compensable. *Id.* at § 272.12(2)(c)(2).

Wirth attempted to transform her non-compensable meal period into a compensable rest period by clocking back in after less than 30 minutes, despite what her employer provided and her employer's repeated instruction to take her full break. Wirth wants us to focus on her conduct—the fact that she elected to take a lunch break of less than 30 minutes. But this focus is misplaced. The Wisconsin regulatory scheme focuses on what the employer provided, not what the employee elected. Because RLJ provided 30 minutes or more during which Wirth was completely relieved from duty for the purposes of eating lunch, RLJ was not obligated under the law to pay her for the time she was off the clock.

Id. at 272.

Here, the parties' original arguments relating to commonality and typicality didn't focus on whether the employer provided a thirty-minute or more meal break. The plaintiff argued that common questions exist, such as whether meal breaks less than thirty minutes count as hours worked under Wisconsin law and whether Cut Fresh had knowledge of when its employees clocked out and in. Dkt. No. 71 at 14. In finding the plaintiff had satisfied the commonality requirement, the court wrote:

The plaintiff contends that the meal break claim is the result of both individual supervisors requiring employees to return to work early and Cut Fresh's utilization of a payroll software program that does not include breaks of less than thirty minutes in computing an employee's hours worked (and thus, the employee's compensation). Dkt. No. 71 at 14. The defendants have not disputed the issue of commonality. The court concludes that there are questions of law in common for members of the proposed class (and for each subclass) and that a successful resolution of either claim would benefit all the proposed class members. The plaintiff has met the commonality requirement.

Dkt. No. 78 at 46.

12

The court will not reconsider its decision to deny the plaintiff's original class certification motion. The court will not accept the defendants' invitation to revisit certain pages in that decision addressing some of the Rule 23 factors. The plaintiff did not satisfy his burden at the time he filed the original motion. The plaintiff since has filed a second motion for class certification, but did so before the Seventh Circuit issued its decision in <u>Wirth</u>. At the time of briefing, the plaintiff addressed only numerosity and did not address the other factors. The court agrees with the defendants that <u>Wirth</u> potentially impacts the plaintiff's ability to satisfy the commonality and typicality requirements. Rather than requiring the parties to file a separate round of briefing regarding the impact of <u>Wirth</u>—thus encouraging the parties' inefficient piecemeal approach to litigation—the court will deny without prejudice the pending motion for class certification and allow the plaintiff to file a new class certification motion that addresses *each* of the Rule 23 requirements under Seventh Circuit case law (not just numerosity). The briefing will consist of the plaintiff's brief in support of the new motion, the defendants' brief in opposition and the plaintiff's reply. The court will not grant leave for any party to file supplemental briefs or surreplies.

## II.   Plaintiff's Renewed Motion for Class Certification (Dkt. No. 81) and Motion To Supplement The Class Certification Record (Dkt. No. 97)

The plaintiff filed his renewed motion for class certification on September 9, 2022. Dkt. No. 81. Two months later, the plaintiff asked to supplement the class certification "record." Dkt. No. 97. The plaintiff explains that thirty-six of the collective action notices were returned as undeliverable and that the

13

plaintiff has been unable to locate more recent addresses for twenty-two of the potential class members. Id. at 1; Dkt. No. 98 at 2. He explains that on August 26, 2022 and September 21, 2022, the defendants provided incomplete lists. Dkt. No. 98 at 2-3. The plaintiff says he then discovered an additional forty-five class members who were missing from those lists. Id. at 3. The plaintiff states that he waited sixteen days for the defendant to supplement the list a second time and that the notices were mailed on October 7, 2022. Id. at 2-3. The plaintiff says that the undeliverable notices were returned to him after October 13, 2022, which was the deadline for him to file the brief in support of his renewed motion for class certification, so he couldn't have presented this information earlier. Id. at 4. The plaintiff asserts that this new information makes it more likely that joinder is impracticable given the number of members for whom the plaintiff does not have a valid address. Id. at 5-6.

The defendants oppose the motion, asserting that the plaintiffs' request for a "do over" has become a "disturbing trend." Dkt. No. 100 at 1. The defendants state that, following the court's admonishment to exercise restraint in the filing of "I want to speak last!" motions, id. (citing Dkt. No. 78 at 9), they seek only to point out that the court granted conditional certification on August 10, 2022 and denied the motion to certify the class without prejudice, id. at 2 (citing Dkt. No. 78 at 54). The defendants say that the plaintiff could have waited until he had all the information necessary to file a renewed motion for certification, but that he chose when to file the renewed motion. Id. at 2. The

14

defendants say that this is the second class certification motion to which they have had to respond to and argue that they should not have to do so again. Id.

The court has explained that it will deny the second motion for class certification because it is incomplete; the plaintiff did not have the opportunity to address the impact of Wirth on the Rule 23 factors. The court will deny the motion to supplement the class certification record as moot. Under the new briefing schedule the court will set, the plaintiff must raise all arguments in his opening brief. The court will not grant motions for leave to supplement or amend briefs.

### III.    Defendants' Motion To Strike (Dkt. No. 114)

On December 6, 2022, the defendants filed an expedited motion to strike the plaintiffs' renewed motion for class certification or, alternatively, to (1) stay the decision on class certification until the court ruled on the parties' pending motions for summary judgment or (2) stay proceedings on the plaintiffs' motion for summary judgment until the court ruled on class certification and defendant V. Marchese's motion for summary judgment. Dkt. No. 114 at 1.

The defendants explain that the plaintiff filed his renewed motion for class certification on September 9, 2022, seeking to certify a class consisting only of defendant Cut Fresh's current and former employees with no causes of action against defendant V. Marchese. Id. at 1. Less than a month later, V. Marchese moved for summary judgment asking the court to dismiss it as a named party because the plaintiff had asserted no substantive claims against it (Dkt. No. 85). Id. at 2. On December 2, 2022, the plaintiff filed a partial motion

15

for summary judgment as to himself only (Dkt. No. 109). Id. The defendants argue that the plaintiff's summary judgment motion implicates the rule against one-way intervention, which prevents a plaintiff from moving for class certification after acquiring a favorable ruling on the merits of the claim. Id. The defendants argue that, because the plaintiff pursued the individual claims prior to class certification, he has "effectively precluded any class certification in this case." Id. (quoting Peritz v. Liberty Loan Corp., 523 F.2d 349, 354 (7th Cir. 1975)).

The plaintiff responds that this is not a case in which he prematurely filed for summary judgment. Dkt. No. 118 at 1. He asserts that he filed his motion on the December 2, 2022 deadline. Id. According to the plaintiff, filing summary judgment does not preclude class certification if the court decides the certification motion first. Id. at 2 (citing Costello v. Beavex, Inc., 810 F.3d 1045, 1058 (7th Cir. 2016)). The plaintiff argues that there is no basis to delay the briefing of the plaintiff's motion for summary judgment because his motion can only pertain to his own claims. Id. at 3. He asserts that a party has no right to ask the court to stay briefing on one motion while ruling on another. Id. The plaintiff threatens that, if the court ignores his implied consent argument, he "would be free to raise the implied consent argument on reconsideration." Id. at 4.

The court will deny the defendants' motion to strike for three reasons. First, the court is not going to strike a motion that the court specifically allowed in its order denying without prejudice the original motion for class

certification. Second, there is no need to strike the motion because the court is denying it without prejudice. Third, in its prior decision the court explained that motions to strike are generally disfavored and courts don't often grant them. Dkt. No. 78 at 10 (citing Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989)). Rule 12(f) allows the court to "strike from a pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter," but the rule is applicable to *pleadings*, such as a complaint or an answer, and not to motions or briefs. See FEDERAL PRACTICE AND PROCEDURE (WRIGHT AND MILLER) §1380; Fed. R. Civ. P. 7(a) (defining pleadings to include a complaint, counterclaim, crossclaim, third-party complaint, or reply to an answer).

For similar reasons, there is no reason for the court to stay briefing on the renewed motion for class certification or to enter an order prioritizing one party's summary judgment motion over the other. The defendants are represented by the same attorney and have briefed their summary judgment motion. The defendants responded to the plaintiff's summary judgment motion and need only to update their arguments regarding Wirth.

The Seventh Circuit recently discussed the rule of one-way intervention in Bakov v. Consolidated World Travel, Inc., ____ F.4th____, 2023 WL 3558175, *3 (7th Cir. May 19, 2023). The court explained that the rule typically prohibits "a plaintiff from obtaining a favorable judgment on her individual claim and then seeking to multiply her good fortune by belatedly certifying a class." Id. The Seventh Circuit acknowledged that there are rare occasions in which the

"the quirks of litigation result in situations where class certification decisions are justifiably postponed or revisited after liability has been determined." Id. (citing Collins v. Village of Palatine, 875 F.3d 839, 845 (7th Cir. 2017) ("explaining that the term 'practicable' in Rule 23(c)(1)(A) 'allows for wiggle room'"); Fed. R. Civ. P. 23(c)(1)(C) ("[a]n order that grants or denies class certification may be altered or amended before final judgment.")). This isn't a situation where the plaintiff waited to seek certification until after the court had resolved liability on his individual claims and he has not asked the court to resolve his summary judgment motion before resolving the issue of certification.

The court will deny the motion to strike in its entirety.

## IV. Plaintiffs' Rule 7(h) Expedited Non-Dispositive Motion For Leave To File Surreply Brief (Dkt. No. 106)

Next, the plaintiff filed an expedited, non-dispositive motion for leave to file a surreply brief in opposition to the defendants' motion for summary judgment, asserting that defendant V. Marchese should have argued in its initial brief, rather than in its reply, that it could not be considered a single employer. Dkt. No. 106 at 2. The plaintiff says that by waiting until the reply, the defendants "implicitly consented to the trial of the single employer issue, even if the single employer issue is not raised in the pleadings." Id. at 2. The plaintiff asks the court to allow him to file a "short surreply brief to respond to the arguments that Marchese should have raised in its initial brief." Id. at 3.

The defendants respond that the plaintiff "never pled joint and several liability; never pled V. Marchese and Cut Fresh are alter egos; never pled the

18

two entities are joint employers; never pled facts to support the interrelationship of operations, common management, centralized control of labor relations, and common ownership; never pled any alleged common control was used to violate federal and state wage and hours laws; and never requested any relief on the basis of joint employer status." Dkt. No. 107 at 1. The defendants argue that the plaintiff is "bound and limited" by his pleadings and cannot raise a claim that was never included in the complaint or amended complaint. Id. at 2.

Sur-replies generally are disfavored, Fitzgerald v. Achterberg, No. 19-cv-774, 2021 WL 808650, at *1 (W.D. Wis. March 3, 2021)), and courts grant leave to file them "only rarely", Groshek v. Time Warner Cable, Inc., No. 15-cv-157, 2016 WL 4203506, at *4 (E.D. Wis. Aug. 9, 2016, aff'd, 865 F.3d 884 (7th Cir. 2017). The defendants' brief addressed the arguments raised by the plaintiff in opposition to summary judgment and the court is puzzled by the plaintiff's assertion that a defendant must anticipate and refute the arguments that the plaintiff may raise—but has not pled—in his opening brief. The court will deny the motion.

## V. Defendants' Expedited Motion for Leave to File a Surreply Brief (Dkt. No. 131) and Plaintiff's Motion for Summary Judgment (Dkt. No. 109)

The defendants filed their own motion to file a surreply brief, asserting that the Seventh Circuit had decided Wirth after the parties had briefed the plaintiff's summary judgment motion. Dkt. No. 131. The plaintiff filed what counsel docketed as a brief in opposition to the defendants' motion, but was

19

actually titled "Memorandum of Law in Opposition to Defendants' Motion to Compel Arbitration;" the caption and body of the document make clear that the plaintiff intended to file this document in a different case, <u>Martini v. Bicycle Health, Inc.</u>, <u>et al.</u>, Case No. 22-cv-1509-JPS (E.D. Wis.). Dkt. No. 133.

The impact of <u>Wirth</u> requires more than a surreply. Part of the reason the plaintiff moved for summary judgment was because some of his meal periods were "too short to be non-compensable." Dkt. No. 110 at 2. He argues that

> [m]eal breaks shorter than 20 minutes are per se compensable under the FLSA. Rest periods running shorter than 30 minutes must count as hours worked under Wisconsin law. Even if Wisconsin law requires for such rest periods to be on-duty meal periods before they must be compensable, Plaintiff's rest periods were on-duty meal periods when Defendants are precluded from presenting evidence showing Plaintiff voluntarily, rather than was required to take meal periods that lasted less than 30 minutes.

<u>Id.</u> The plaintiff argues in his brief that timecard reports accurately capture when the employees' meal periods started and ended and that any rest periods shorter than twenty minutes are too short to be *bona fide* meal breaks. <u>Id.</u> at 13-14. For this reason, he asked the court to hold that any periods shorter than twenty minutes are *per se* compensable under the FLSA. <u>Id.</u> At the time of briefing, Judge Griesbach had issued his decision in <u>Wirth</u>; the plaintiff argued that Judge Griesbach was wrong because he assumed, "without analysis, that a rest period must be an on-duty meal period to be compensable." <u>Id.</u> at 15. The Seventh Circuit since has affirmed Judge Griesbach's ruling. <u>Wirth</u>, 59 F.4th at 270.

If the court allows the defendants to file a surreply—a disfavored surreply, at that—the plaintiff will not have an opportunity to address the

impact of <u>Wirth</u>. The court will deny without prejudice the plaintiff's motion for summary judgment and set a new briefing schedule that will allow the plaintiff to file a revised brief. The court is not asking the parties to reinvent the wheel. It is allowing the plaintiff to revisit the portion of his brief impacted by <u>Wirth</u> and allowing the defendants to respond. The plaintiff must put all of his arguments in his brief-in-chief; the defendants must put all of their arguments in their brief in opposition; and the plaintiff must include in his reply brief only rebuttals to the arguments the defendants include in their opposition brief. The parties must comply with the briefing requirements in Civil Local Rule 56(b) (E.D. Wis.).

## VI.   Caution

Only a little over two years into this case, the parties have racked up 137 docket entries—fifty-nine of those since the court issued its August 10, 2022 order.[2] If the parties need the court to rule on an issue before they can meaningfully file other pleadings, they should ask to suspend deadlines until it has ruled. The parties should ask for extensions of time to file motions, rather than adhering to deadlines by filing incomplete motions and then asking to supplement them. The parties *must* stop filing motions for surreplies; the court *will not grant them*. The parties must cover what they need to cover in the three pleadings allotted to them by the rules (motion, opposition, reply)—without supplements, addenda or sur-replies. The parties must *stop* asking the court to

---

[2] The court realizes that some of these docket entries are opt-in notices.

strike motions, briefs or arguments. The parties must stop litigating technicalities and filing "gotcha" pleadings.

If the parties cannot find a way to stop clogging the docket with unnecessary filings, and stop consuming each other's time and the court's with unnecessary litigation, the court will be forced to take action—something it does not wish to do.

## VII. Conclusion

The court **DENIES** Defendant V. Marchese's Motion for Reconsideration of Decision and Order on Plaintiff's Motion to Certify Class Based on 7th Circuit's *Wirth* Decision. Dkt. No. 134.

The court **DENIES AS MOOT** Plaintiff's Motion to Supplement the Class Certification Record. Dkt. No. 97.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's Renewed Motion for Class Certification. Dkt. No. 81.

The court **DENIES** Defendants' Expedited Non-Dispositive Motion to Strike Plaintiff's Motion for Class Certification. Dkt. No. 114.

The court **DENIES** Plaintiff's Expedited Non-Dispositive Motion for Leave to File SurReply Brief. Dkt. No. 106.

The court **DENIES** Defendants' Expedited Non-Dispositive Motion for Leave to File a Surreply Brief to Address the Recent 7th Circuit *Wirth* Decision Regarding Unpaid Meal Periods. Dkt. No. 131.

The court **DENIES WITHOUT PREJUDICE** Plaintiff's Partial Motion for Summary Judgment. Dkt. No. 109.

The court **ORDERS** that the parties must comply with the following briefing schedule:

The plaintiff may file a renewed motion for class certification and/or a renewed for summary judgment by the end of the day on **July 7, 2023**.

The defendants may file their opposition briefs to the plaintiff's renewed motions by the end of the day on **July 28, 2023**.

The plaintiff may file reply briefs by the end of the day on **August 4, 2023**.

Dated in Milwaukee, Wisconsin this 19th day of June, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**