UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ALFREDO GOMEZ-VELAZQUEZ,

Plaintiff,

Case No. 20-cv-1802-pp

v.

V. MARCHESE & CO.
and CUT FRESH, LLC,

Defendant.

---

MARTINA MACIAS,

Plaintiff,

Case No. 26-cv-1336-pp

v.

CUT FRESH, LLC
and V. MARCHESE & CO.,

Defendants.

---

**ORDER DENYING DEFENDANTS' UNOPPOSED MOTION TO CONSOLIDATE CASES FOR DISCOVERY (CASE NO. 20-CV-1802, DKT. NO. 159)**

---

On December 7, 2020, plaintiff Alfredo Gomez-Velazquez filed a collective and class action complaint against defendant V. Marchese & Co. under the Fair Labor Standards Act (FLSA) and Wisconsin's Wage Payment and Collection Laws (WWPCL). Gomez-Velazquez v. V. Marchese & Co., Case No. 20-cv-1802, Dkt. No. 1. Almost six years later, on August 4, 2026, another plaintiff, Martina Macias—represented by the same attorney as plaintiff Gomez-Velazquez—filed a separate collective and class action complaint against V. Marchese and Cut

Fresh, LLC under the FLSA and WWPCL. Macias v. Cut Fresh, Case No. 26-cv-1336, Dkt. No. 1.[1]

On October 14, 2026—two days before the deadline the court had set in Gomez-Velazquez for the parties in that case to meet and confer and propose a plan for moving forward, Case No. 20-cv-1802, dkt. no. 158 at 74—the defendants filed an unopposed motion under Fed. R. Civ. P. 42(a) to consolidate the two cases for purposes of discovery, id., dkt. no. 159.

The defendants' unopposed motion to consolidate the cases for discovery purposes is not the "plan" the court anticipated the parties would file. Given the history of the Gomez-Velazquez litigation, the court has misgivings about the proposed consolidation (which it will explain below) and will deny the defendants' unopposed motion.

## I. Procedural History

### A. Gomez-Velazquez

On December 7, 2020, plaintiff Gomez-Velazquez filed a complaint on behalf of himself and all others similarly situated against V. Marchese & Co. for failing to compensate him for time spent donning and doffing protective clothing and for meal breaks in which employees punched back in less than thirty minutes after they had punched out. Case No. 20-cv-1802, Dkt. No. 1 at 1. V. Marchese answered three weeks later, on December 21, 2020. Id., Dkt. No. 6. But on February 9, 2021, Gomez-Velazquez filed an amended complaint adding Cut Fresh, LLC as a defendant "out of an abundance of caution given

[1] The court will refer to the cases as Gomez-Velazquez and Macias.

the close relationship between the two entities, in case Cut Fresh would claim Marchese was [the plaintiff's] employer." Id., Dkt. No. 11 at ¶1. Both defendants answered the amended complaint on March 17, 2021. Id., Dkt. No. 17.

By this point, the litigation already had started to become messy. The same day that the defendants filed their answer to the amended complaint (March 17, 2021), the *plaintiff* filed a Rule 7(h) expedited, non-dispositive motion for discovery, id., dkt. no. 13, and a motion for entry of default, id., dkt. no. 15. On March 17 and 18, the defendants opposed both motions, id., dkt. nos. 18,[2] 19, and just shy of two weeks later, the plaintiff filed a motion "to withdraw objections to timeliness of answer to first amended complaint," asking the court to deem the defendants' March 17, 2021 answer to the amended complaint timely and "[s]et a deadline for the parties to submit their Rule 26 Discovery Plan to the Court," id., dkt. no. 20 at 2. On May 11, 2021, the court terminated the plaintiff's motions for discovery and entry of default, id., dkt. no. 22, and ordered the parties to file a Rule 26(f) plan by June 11, 2021, id., dkt. no. 21. The parties filed that plan on May 26, 2021. Id., Dkt. No. 23.

---

[2] The plaintiff filed his motion for entry of default at 11:58 a.m. on March 17. Case No. 20-cv-1802 at Dkt. No. 15. The defendants filed their answer to the amended complaint at 12:59 p.m. that same day. Id. at Dkt. No. 17. In their opposition to the motion for entry of default, the defendants explained that the answer to the amended complaint had been "fully prepared and had not been filed solely due to an administrative oversight." Id., Dkt. No. 18 at 1.

On June 2, 2021, the court issued a scheduling order. Id., Dkt. No. 24 Among other things, the order set deadlines of October 1, 2021 for the plaintiff to file his request for conditional certification under the FLSA; March 4, 2022 for the plaintiff to file his motion for Rule 23 class certification and for the defendants to file any motion to decertify any conditionally certified FLSA class; July 31, 2022 for the parties to complete all discovery; and August 26, 2022 for the parties to file dispositive motions. Id. at 2-3.

There then ensued various discovery motions; the defendants twice filed motions to compel a third party to produce documents, and twice withdrew those motions. See id., Dkt. Nos. 27 (withdrawn Dkt. No. 35), 37 (withdrawn Dkt. No. 58). The plaintiff filed a Rule 7(h) motion to compel responses to requests to admit, id., dkt. no. 42, which the court denied as moot, id., dkt. no. 78. But where the beginnings of a mess turned into a hot mess was when the plaintiff began to file his motions for conditional certification of the FLSA collective, id., dkt. no. 45, and certification of the Rule 23 class, id., dkt. no. 70. On August 10, 2022, the court issued an order addressing nine outstanding motions, including the plaintiff's motions for conditional certification of the collective and certification of the class. Id., Dkt. No. 78. The court expressed frustration with the number of filings, which it opined had "created an unnecessary procedural tangle . . . ." Id. at 2. The court spilled too much ink outlining the ways in which the parties—the plaintiff, in particular—had failed to follow the local rules and had failed to communicate with each other. It then approved the plaintiff's motion for conditional certification as to

employees of Cut Fresh, but not of V. Marchese, id. at 27, but required the plaintiff to make modifications to the proposed notice, id. at 29-30. As for the Rule 23 class certification motion, the court found that the plaintiff had not proven the numerosity requirement, id. at 45, or the predominance requirement, id. at 52, and denied the class certification motion without prejudice so that the plaintiff could try to address these issues, id. at 53.

Given this ruling, on August 18, 2022, the parties jointly asked the court to amend the scheduling order, asking for additional time to file dispositive motions and for the defendants to seek decertification of the collective. Id., Dkt. No. 79. The parties did *not* ask the court to extend the deadline for completing discovery; that deadline had expired almost three weeks earlier—on July 31, 2022. The court granted the motion, extending the dispositive motion and decertification deadlines to December 2, 2022. Id., Dkt. No. 80.

On September 9, 2022, the plaintiff filed a renewed motion for class certification (as the court had said he could do). Id., Dkt. No. 81. The defendants opposed it, arguing that the plaintiff still had not addressed the issues the court had raised in its August 10, 2022 order. Id., Dkt. No. 84. Days later, the defendants filed a motion for summary judgment, id., dkt. no. 85, which the plaintiff opposed, id., dkt. no. 93; the defendants filed a reply in support, id., dkt. no. 101. But before the court had ruled on either motion—in fact, before the defendants' summary judgment motion had been fully briefed—the plaintiff filed a motion to supplement the renewed motion for class certification. Id., Dkt. No. 97. That prompted an opposition brief from the

defendants, id., dkt. no. 100, and a reply in support from the plaintiff, id., dkt. no. 103. And the plaintiff filed a motion for leave to file a sur-reply in opposition to the defendants' motion for summary judgment, id., dkt. no. 106, which, of course, the defendants opposed, id., dkt. no. 107.

And the pleadings continued to pile up—on December 2, 2022, the *plaintiff* filed a motion for partial summary judgment. Id., Dkt. No. 109. Although that motion was fully briefed on January 27, 2023, id., dkt. no. 128, the *defendants* then filed a motion for leave to file a sur-reply, id., dkt. no. 131, which the plaintiff opposed, id., dkt. no. 133. To confuse things further, on February 17, 2023, the defendants filed a motion asking the court to "reconsider its decision and order on Plaintiff's Motion to Certify Class" based on a recent Seventh Circuit decision. Id., Dkt. No. 134. The defendants asked the court to reconsider its August 10, 2022 order denying without prejudice the plaintiff's motion for class certification—particularly that portion of the order that found the plaintiff had satisfied the commonality and typicality requirements for class certification. Id., Dkt. No. 135 at 2. The defendants argued that the Seventh Circuit's recent decision in Wirth v. RLJ Dental required the court to reconsider its conclusion on those two factors.

On June 19, 2023, the court addressed the various outstanding motions. Id., Dkt. No. 138. Again, the court expressed frustration:

> The parties' insistence on filing motions to strike, reconsider and for leave to file surreply briefs means that briefing never is complete and no decision is final. The plaintiff even suggests in one of his motions that, if the court rules against him on an issue, he "would be free to raise" the issue on reconsideration. Dkt. No. 118 at 4. Apparently it

> is up to the court to, as it said in its prior order, "stop the madness," given that the parties are unable or unwilling to do so.

Id. at 3.

The court declined to reconsider its order denying the first class certification motion. Id. at 13. But it observed that since the Seventh Circuit had decided Wirth, the plaintiff had filed his second class certification motion; the court stated that to avoid inefficient, piecemeal litigation, it would deny that pending motion without prejudice and allow the plaintiff to file a third class certification motion "that addresse[d] *each* of the Rule 23 requirements under Seventh Circuit case law (not just numerosity)." Id. at 13. The court also denied without prejudice the plaintiff's motion for partial summary judgment, explaining that it would set a new briefing schedule allowing the plaintiff to file a revised brief to discuss the impact of Wirth. Id. at 21. The court concluded by stating, "[i]f the parties cannot find a way to stop clogging the docket with unnecessary filings, and stop consuming each other's time and the court's with unnecessary litigation, the court will be forced to take action—something it does not wish to do." Id. at 22.

On July 7, 2023, the plaintiff filed his *third* motion for class certification. Id., Dkt. No. 139. The same day, he filed his renewed motion for partial summary judgment. Id., Dkt. No. 141. The defendants opposed both motions, id., dkt. nos. 148 (class certification), 146 (partial summary judgment). The plaintiff filed a reply brief in support of his motion for summary judgment, id., dkt. no. 149, and one in favor of the third class certification motion, id., dkt. no. 150. But the plaintiff could not seem to help but file a motion for leave to

file supplemental authority, id., dkt. no. 155, which the defendants could not help themselves but to oppose, id., dkt. no. 156. In a text-only order, the court denied that motion because it did not comply with the court's civil local rules and because the court did not feel briefing was necessary. Id., Dkt. No. 157.

On September 17, 2026, the court issued a seventy-four-page order, granting in part and denying in part the plaintiff's third motion for class certification; denying the defendants' summary judgment motion; and denying the plaintiff's summary judgment motion. Id., Dkt. No. 158. With regard to the Rule 23 class, the court certified a class consisting of

> all hourly employees employed by Defendant Cut Fresh, LLC who, during the time period between November 6, 2018 and the present, worked in production or performed the tasks of a production employee **or** worked in sanitation or performed the tasks of a sanitation employee.

Id. at 50-51 (emphasis in original). The court denied the plaintiff's motion for class certification as to his meal break claims. Id. at 51.

In that order, the court expressed a different frustration: "Over time, as changes in the law have occurred and discovery has surfaced, the plaintiff's theories of the case have shifted." Id. at 3. The court described how the plaintiff now was alleging that V. Marchese was jointly and severally liable with Cut Fresh, when he had not pled that in either the original or amended complaints; how the plaintiff initially pled that sanitation employees were not compensated for time donning personal protective equipment before punching in, yet years later was admitting that sanitation donned protective gear after punching in; that the plaintiff initially pled that V. Marchese provided employees with a

thirty-minute, unpaid meal break that did not account for time spent donning PPE or finishing additional work, but now was arguing that the defendants never had promulgated a policy requiring employees to take a full, thirty-minute meal break and had "suffered or permitted" them to work during that meal break. Id. at 3-5. At the same time, the defendants argued that the plaintiff could not claim what he had failed to allege in his pleading, but asked the court to overlook the fact that they had not disclosed two witnesses at the outset of the litigation. Id. at 5. The court observed that both parties agreed some additional discovery might be necessary, but neither had asked the court to revisit its scheduling order. Id.

Toward the end of the September 17, 2026 order, the court said, "[b]ecause the plaintiff admits that he will need to reopen discovery for information about wage rates," it would allow him to depose the two witnesses the defendants had not disclosed. Id. at 71-72. The last line of the order reads, "The court **ORDERS** the parties to meet and confer regarding next steps and submit a proposed plan by **October 16, 2026**." Id. at 74 (emphasis in original).

B. Macias

On August 24, 2026, plaintiff Martina Macias—represented by the same attorney as the plaintiff in Gomez-Velazquez—filed a complaint against Cut Fresh and V. Marchese on behalf of herself and all others similarly situated for failing to compensate her for time spent donning protective clothing and equipment at the beginning of her shift and for rest periods "that must count

as hours worked under Wisconsin law." Case No. 26-cv-1336, Dkt. No. 1 at ¶1. Macias seeks to certify a Rule 23 class consisting of

> All hourly employees employed by Defendants Marchese and/or Cut Fresh, LLC who during the time period between August 4, 2024 and the present either (a) engaged in the processing of fruits and vegetables at the Cut Fresh facility; or (b) was not paid for a meal break through his/her time clock punches reported to Marchese and/or Cut Fresh, LLC that he or she punched back in less than 30 minutes after he or she punched out for a meal period.

Id. at ¶31. Macias also proposes a FLSA collective action consisting of "all non-exempt employees at the Cut Fresh facility who began their workdays by processing fruits and vegetables." Id. at ¶29. The defendants have answered the complaint. Id., Dkt. No. 3.

On August 31, 2026, the court set a Rule 16 scheduling conference for November 30, 2026 and required the parties to file a Rule 26(f) plan by November 16, 2026. Id., Dkt. No. 5.

C. The Defendants' Motion to Consolidate

As the court has explained, at the end of its September 17, 2026 order in Gomez-Velazquez, it ordered that by October 16, 2026, the parties must meet and confer and "submit a proposed plan." Case No. 20-cv-1802, Dkt. No. 158 at 74. What the court anticipated was that the parties would propose a plan for reopening discovery in that case, for the limited purpose of allowing the parties to collect information about the wage rates of members of the collective and to allow the plaintiff to depose the two late-disclosed witnesses (Sal Marchese and Jose Ramirez—two of the plaintiff's supervisors). The court anticipated that the parties would come up with a short, hopefully agreed-upon time frame for

conducting that very specific discovery, as well as propose the steps that would follow that discovery—efforts at alternative dispute resolution, or setting a scheduling conference to select final pretrial conference and trial dates.

Instead, the defendants have filed an "unopposed motion to consolidate discovery." Id., Dkt. No. 159. They ask that the court consolidate Gomez-Velazquez and Macias for purposes of discovery only. Id. at 3. Though the discovery deadline in Gomez-Velazquez has long passed, the defendants state that the parties agree that discovery in that case may be reopened, limited to the defendants' time, payroll and personnel records for plaintiff Macias, "a deposition exploring Macias's personal experiences and observations as an employee" and depositions of Sal Marchese and Jose Ramirez. Id. The defendants say the parties agree that the deadline for initial disclosures in Gomez-Velazquez (July 2, 2021, Dkt. No. 24) and Macias (no date yet set) will remain separate. Id. The defendants also state that if the court grants their request to consolidate, the parties will meet and confer on a single proposed scheduling order for both cases. Id.

## II. Discussion

Federal Rule of Civil Procedure 42(a) states:

> Consolidation. If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

The rule was "designed and intended to encourage . . . consolidation [matters that are the same and touch each defendant with the same effect] where possible." United States v. Knauer, 149 F.2d 519, 520 (7th Cir. 1945). It gives the court several options:

> First, the court may "join for hearing or trial any or all matters at issue in the actions." Fed. Rule Civ. Proc. 42(a)(1). Second, the court may "consolidate the actions." Rule 42(a)(2). Third, the court may "issue any other orders to avoid unnecessary cost or delay." Rule 42(a)(3).

Hall v. Hall, 584 U.S. 59, 65 (2018). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." Id. at 77 (citing 9A, C. Wright & A. Miller, Federal Practice and Procedure §2383 (3d ed. 2008)). Courts should decline to exercise their discretion to consolidate if consolidation could cause confusion or prejudice. Estate of West v. Giese, Case Nos. 19-cv-1843, 19-cv-1844, 2020 WL 3895299, at *1 (E.D. Wis. July 10, 2020) (citing SJ Props Suites, BuyCo, EHF v. Dev. Opportunity Corp., Case Nos. 09-cv-533, 09-cv-569, 2009 WL 3290009, at *1 (E.D. Wis. Nov. 12, 2009)).

Rule 42 does not require that if a court exercises its discretion, it must fully consolidate cases for all purposes. It provides a court with a flexible tool for managing litigation—the court may join "for hearing or trial" "any or all" issues, or it may consolidate the cases for all purposes, or it may "issue any other orders to avoid unnecessary cost or delay."

The defendants assert that the two cases "involve certain common questions of law and fact;" they say that the "basic facts of each matter and types of claims asserted are such that many of the depositions to be taken and

documents produced by defendants will apply to both actions." Case No. 20-cv-1802, Dkt. No. 159 at 1-2. The court has concerns about these representations. The defendants say that "*many* of the depositions" will apply in both cases. But in their request to reopen the discovery in Gomez-Velazquez, they specify only a deposition of Macias regarding her personal experiences as an employee and depositions of Sal Marchese and Jose Ramirez, presumably about their supervision of Gomez-Velazquez. What other "many" depositions will apply to both cases? The defendants say they will limit the consolidated discovery to the time, payroll and personnel records the defendants have regarding Macias. But the reason the issue of possibly reopening discovery in Gomez-Velazquez came up in the first place is because *plaintiff Gomez-Velasquez* admitted to the court that he was going to be asking to reopen discovery so he could obtain wage information for the members of the FLSA collective in his case. Why does the parties' motion to consolidate make no mention of *that* discovery? The court cannot imagine that the *only* discovery needed in Macias is Macias's time, payroll and personnel records and her limited deposition; in fact, the parties appear to concede that the parties will need to exchange Rule 26(a) initial disclosures in Macias.

The court has frequently expressed its concerns with the over-litigation in the Gomez-Velazquez case, and particularly with how the plaintiff's theories of his case have changed as he's received additional discovery. It has expressed concerns with both parties' efforts to "get the last word" by filing motions for leave to file sur-replies or motions to reconsider or by supplementing motions.

Part of the reason that the court wanted the parties in Gomez-Velazquez to meet and confer and then file a plan for how they would proceed in that case was because it wanted to review their proposal to ensure that reopening discovery would not open a Pandora's box of motions to re-visit the court's rulings on Rule 23 class certification and summary judgment.

The court also is concerned that consolidating the cases for discovery purposes will open the door to litigation over which discovery relates to which case, and whether parties are improperly using discovery obtained in relation to one case in the other case. Given the nature of the litigation between the attorneys in Gomez-Velazquez—the same attorneys are litigating Macias—the court anticipates that just such unnecessary litigation would result from the requested consolidation.

## III. Conclusion

For all the reasons discussed above, the court **DENIES** the defendants' unopposed motion to consolidate the cases for purposes of discovery.

The court **ORDERS** that the November 30, 2026 scheduling conference set in the Macias case will take place as scheduled.

The court **ORDERS** that by the end of the day on **December 4, 2026**, the parties in the Gomez-Velazquez case must meet and confer and then file with the court a document containing the following:

- A request to reopen discovery;
- An explanation for the reason the parties are asking to reopen discovery;
- A proposed timeline for the start of the reopened discovery period and its ending date;

- An explanation of what the parties see as the next steps in the case once the reopened discovery is completed.

Dated in Milwaukee, Wisconsin this 5th day of November, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**